**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tyrisha L Davis, | No. CV-22-02118-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Consumer Safety Technology/Intoxalock, | |
| Defendant. | |

**I.**

Plaintiff Tyrisha L. Davis, *pro se*, was formerly employed by Defendant Consumer Safety Technology/Intoxalock. She alleges that she experienced harassment, retaliation, and unequal treatment, and ultimately terminated, in violation of the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, and the Americans with Disabilities Act. (Doc. 1 at 5)

Plaintiff filed an employment discrimination charge with the Equal Employment Opportunity Commission ("EEOC"). On September 13, 2022, she obtained a right to sue letter (the "Letter"), which conspicuously states that "[y]our lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost." (Doc. 14-1 at 11) Responding to Plaintiff's inquiry, in an email dated September 19, 2022, a representative from the EEOC informed her of the following:

> A review of our records indicates that you **received** the Notice of Right to Sue via email from [a different EEOC representative] on **9/13/2022**. You may file a lawsuit against

>the respondent under federal laws based on this charge in federal court. The lawsuit must be filed with[in] 90 days of **your receipt** of the Notice of Right to Sue.

(Doc. 14-1 at 17)

Plaintiff mailed her federal court complaint via USPS priority mail on December 13, 2022. (Doc. 1-1 at 1) It was docketed by the clerk of court on December 15, 2022. (Doc. 1 at 1)

## II.

Defendant moves to dismiss based on lack of subject matter jurisdiction, arguing that Plaintiff's complaint was filed beyond the 90-day limitations period for her claims (Doc. 14). Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted).

## III.

### A.

The Age Discrimination in Employment Act, Title VII of the Civil Rights Act, and the Americans with Disabilities Act require that a plaintiff commence litigation within 90-days after receiving a notice of right to sue letter. 29 U.S.C. § 626(e) (ADEA: "A civil action may be brought under this section by a person defined in section 630(a) of this title against the respondent named in the charge within 90 days after the date of the receipt of such notice"); 42 U.S.C. § 2000e-5(f)(1) (Title VII: "within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge"); 42 U.S.C. § 12117(a) (ADA: incorporating the procedures established by Title VII).

Plaintiff received the Letter on September 13, 2022. The 90-day statute of limitations for filing her complaint expired on December 12, 2022. Plaintiff mailed her complaint a day later, on December 13, 2022, and it was filed two days afterward, on December 15, 2022. Her complaint was, therefore, filed late.

**B.**

Plaintiff asks the Court to excuse the delay for two reasons. First, she did not know about the 90-day limitation. Second, she alleges that a clerk's office employee told her that her filing would be accepted.

The Court will consider these as arguments for equitable tolling. "Equitable tolling is . . . to be applied only sparingly, and courts have been generally unforgiving . . . when a late filing is due to claimant's failure to exercise due diligence in preserving [her] legal rights." *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th Cir. 1997) (cleaned up).

Plaintiff surely knew about the 90-day deadline. It was communicated to her in the Letter and in the September 19, 2022, email from the EEOC. Both communications stated that she had 90 days to file her lawsuit. Even if she somehow did not realize the 90-day clock was ticking, she should have known about it, because claimants must read and understand communications from the EEOC concerning their rights and duties under law. Indeed, the warnings were conspicuous and key concepts were bolded, underlined, and capitalized.

Plaintiff's argument that she relied on the clerk's office that her filing would be processed fares no better. Plaintiff did not provide a declaration attesting to the clerk of court's advice. For all the Court knows, Plaintiff placed her call after the deadline passed and she might have provided the clerk's office representative with inaccurate or incomplete information about her situation. Even so, Plaintiff had both the Letter and the email, both directing her to file a lawsuit within 90 days. Clerk's office employees are not lawyers and cannot provide legal advice or direction. The clerk of court seldom has the means to determine whether a filing is late. For that reason, the clerk accepts all such filings, leaving it to the opposing parties to raise timeliness challenges. The ultimate responsibility rests with Plaintiff herself. It was incumbent upon Plaintiff to follow the direction provided by the EEOC and perform her own legal research, rather than seek out advice from the clerk's office.

Plaintiff has the burden to establish entitlement to equitable tolling. She has failed

to satisfy that burden here. The Court finds that Plaintiff failed to exercise diligence in filing her complaint within the 90-day statutory limitations period. Equitable tolling does not apply. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) ("The principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect.").

**IV.**

Accordingly,

**IT IS ORDERED**:

1. The Motion to Dismiss is **granted** (Doc 14). This case is **dismissed with prejudice**.

2. The Clerk of Court must enter judgment in Defendant's favor and close this case.

Dated this 30th day of March, 2023.

Michael T. Liburdi
United States District Judge